IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**MARIETTA AREA HEALTHCARE, INC.,**
**MARIETTA MEMORIAL HOSPITAL,** and
**MARIETTA HEALTHCARE PHYSICIANS, INC.**,

           Plaintiffs,

v.       **Civil Action No. 5:21-CV-25**
         Judge Bailey

**MICHAEL A. KING,**
**MICHAEL D. ROBERTS, M.D.,** and
**TODD A. KRUGER,**

           Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before this Court is Defendants' Joint Motion to Dismiss and/or Alternatively for Summary Judgment as to Plaintiffs' Amended Complaint [Doc. 115], filed February 25, 2022. Having been fully briefed, this matter is ripe for adjudication. For the reasons that follow, this Court will deny Defendants' Joint Motion to Dismiss and/or Alternatively for Summary Judgment as to Plaintiffs' Amended Complaint.

## BACKGROUND

As this Court laid out in its April 28, 2021 Order:

In November 2016, the defendants filed a qui tam complaint alleging that plaintiffs had violated federal law in recruiting and compensating physicians and had inappropriately submitted claims to federal healthcare programs based on those violations (the "Underlying Action"). The plaintiffs

1

contend that the complaint consisted largely of false and materially misstated allegations, which the defendants knew at the time. According to the plaintiffs, after filing their qui tam complaint, the defendants continued to push their false and malicious accusations against plaintiffs. During the ensuing federal investigation, the defendants perpetuated those accusations, repeating the known falsities and material misstatements. The defendants knew and intended that the qui tam complaint and subsequent process would harm the plaintiffs' business—a healthcare system on the Ohio border that is well known and respected in the Mid-Ohio Valley, including several counties in West Virginia. After numerous extensions, the Government declined to intervene in the action.

"*Qui tam* is short for '*qui tam pro domino rege quam pro se ipso in hac parte sequitur*,' which means 'who pursues this action on our Lord the King's behalf as well as his own.'" **Rockwell Int'l. Corp. v. United States**, 549 U.S. 457, 463 n.2 (2007). The False Claims Act's qui tam provision allows "a private plaintiff, known as a relator, [to] bring[ ] suit on behalf of the Government to recover a remedy for a harm done to the Government." **Woods v. Empire Health Choice, Inc.**, 574 F.3d 92, 97 (2d Cir. 2009); see 31 U.S.C. § 3730(b). As the "real party in interest" in a qui tam action, **United States ex rel. Eisenstein v. City of New York, New York**, 556 U.S. 928, 930 (2009), the Government may intervene and take over prosecution of the lawsuit, 31 U.S.C. § 3730(b)(2), (4). In such cases, however, the

relator is still entitled to a share of any recovery. 31 U.S.C. § 3730(d). ***United States v. Quest Diagnostics Inc.***, 734 F.3d 154, 158 (2d Cir. 2013). [Doc. 40 at 2–3].

In its Amended Complaint, plaintiffs assert five[1] causes of action:

>Count I - Malicious Prosecution [Doc. 107 at 17–19]
>
>Count II - Tortious Interference with Business Relationships and Expectancies [Id. at 19–20]
>
>Count III - Abuse of Process [Id. at 20–22]
>
>Count IV - Fraudulent Legal Process in Violation of W.Va. Code § 61-5-27a [Id. at 22–23]
>
>Count V - Civil Conspiracy [Id. at 23–24]

On February 25, 2022, defendants filed their Joint Motion to Dismiss and/or Alternatively for Summary Judgment as to Plaintiffs' Amended Complaint [Doc. 115] and accompanying Memorandum of Law in Support [Doc. 118]. Therein, defendants assert plaintiffs' Amended Complaint fails to "state a claim upon which relief can be granted because such claims are either barred by the litigation privilege, or are based upon unreasonable inferences or unwarranted conclusions." *See* [Doc. 115 at 1].

---

[1] Plaintiffs also list a claim for punitive damages. However, punitive damages are not a cause of action but rather an assertion of damages. In plaintiffs' Response to Defendants' Joint Motion to Dismiss and/or Alternatively for Summary Judgment as to Plaintiffs' Amended Complaint, plaintiffs "do not oppose the dismissal of the Count of the Amended Complaint styled as a punitive damages claim. However, Plaintiffs continue to pursue, and do not waive, their punitive damages request, which Plaintiffs believe is appropriate." *See* [Doc. 125 at 23, fn.11].

3

## STANDARDS OF REVIEW

### I.     Rule 12(b)(6)

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007); see also **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008) (applying the **Twombly** standard and emphasizing the necessity of *plausibility*).  When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. **Edwards v. City of Goldsboro,** 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. **Anheuser-Busch, Inc. v. Schmoke**, 63 F.3d 1305, 1312 (4th Cir. 1995).  In **Twombly**, the Supreme Court, noted that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." **Twombly**, 550 U.S. at 555, 570 (upholding the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible.").

"[M]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." **Williams v. Branker**, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly

incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396–97.

## II. Rule 12(d) and Rule 56

Under Rule 12(d), if "on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P.12(d).

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *See* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322–23 (1986). If the moving party meets this burden, the nonmoving party "may not rest upon the mere allegations or denials of its pleading, but must set forth specific facts showing there is a genuine issue for trial." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. *See **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.***, 475 U.S. 574, 587 (1986). Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* at 586. That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323–25; ***Anderson***, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." ***Anderson***, 477 U.S. at 249 (citations omitted). Although all justifiable inferences are to be drawn in favor of the non-movant, the non-moving party "cannot create a genuine issue of material fact through mere speculation of the building of one inference upon another." ***Beale v. Hardy***, 769 F.2d 213, 214 (4th Cir. 1985). Further, "the plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." ***Celotex Corp.***, 477 U.S. at 322.

## DISCUSSION

**I.    Count I - Malicious Prosecution**

To successfully state a claim for malicious prosecution at the pleading stage, a plaintiff must allege that "'(1) that the prosecution was malicious, (2) that it was without reasonable or probable cause, and (3) that it terminated favorably to plaintiff.'" *See* Syl. Pt.

1, ***Norfolk S. Ry. Co. v. Higginbotham***, 228 W.Va. 522, 721 S.E.2d 541 (2001) (citation omitted).

As this Court previously held: "The [Amended] complaint alleges just that: defendants maliciously initiated and continued a qui tam action against plaintiffs that was based on knowing falsities and that was ultimately terminated in plaintiffs' favor by a district court order." *See* [Doc. 40 at 11].

Defendants again seek dismissal on the basis that the fact that the underlying action was dismissed without prejudice bars a claim for malicious prosecution. *See* [Doc. 118 at 14–17]. Defendants rely on one of the same cases as their last Motion to Dismiss: ***Goodwin v. City of Shepherdstown***, 241 W.Va. 416, 825 S.E.2d 353, 396 (2019). This Court already stated:

> This Court finds that the cases cited by the defendants are inapposite. While ***Goodwin v. City of Shepherdstown***, 241 W.Va. 416, 825 S.E.2d 363, 369 (2019) . . . discuss[es] a requirement that the underlying proceeding be terminated such that it could not be raised again, ***Goodwin*** dealt with a criminal matter where the case was dismissed without prejudice "for now. . . ." The facts of this case are much different. The complaint was dismissed without prejudice before the now plaintiffs were even aware of the action. The dismissal ended that action. While the notation of without prejudice means that a new case could be filed, this case is ended.

> What would the opposite finding mean? It would mean that any time an action is dismissed without prejudice and not re-filed, there could **never** be an action for malicious prosecution.

[Doc. 40 at 12].

Plaintiffs again point to Syl. Pt. 3, ***Vinal v. Core***, 18 W.Va. 1 (1881). As stated in this Court's previous order:

> ***Vinal v. Core***, which states that "By the first of these requirements is meant that the plaintiff must have been arrested under a process not absolutely void; and by its being ended is meant, not that the plaintiff had been so discharged, as that no subsequent prosecution for the same alleged crime could ever be instituted, but only that this particular prosecution was ended, when this was the allegation in the declaration." 18 W.Va. 1 (1881).

[Id. at 11–12].

This Court again finds that plaintiffs have stated a claim for malicious prosecution. Thus, Defendants' Motion to Dismiss plaintiffs malicious prosecution claim is hereby **DENIED**.

## II.  Count II - Tortious Interference with Business Relationships & Expectancies

With respect to the tortious interference with business relationships claim, this Court dismissed this Count in its April 28, 2021 Order because it is barred by the litigation privilege. *See* [Doc. 40]. However, in plaintiffs Amended Complaint, they reassert the claim for tortious interference with business relationships but add a third defendant, Defendant Kruger. *See* [Doc. 107 at 19–20]. Defendants argue that Count II must be

dismissed under the Doctrine of the Law of the Case. *See* [Doc. 118 at 12–13]. Defendants assert that "[n]othing in Plaintiffs' Amended Complaint serves to alter the Court's analysis of the litigation privilege's effect on Plaintiffs' claim of tortious interference with business relationships and expectancies." *See* [Id.]. In response, plaintiffs argue that defendants reliance on the law-of-the-case doctrine ignores the "new allegations" included in the Amended Complaint concerning Defendant Kruger and his involvement. *See* [Doc. 125 at 11]. Plaintiffs assert that the law-of-the-case doctrine does not apply because the Amended Complaint contains entirely new allegations that alter the Rule 12(b)(6) analysis. Plaintiffs allege that "the non-party conduct of Defendant Kruger — and Defendant King and Roberts' support to that conduct — falls outside the 'limited' instances where the litigation [privilege] applies." *See* [Id. at 12].

The law-of-the-case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." **United States v. Moussaoui**, 483 F.3d 220, 232 (4th Cir. 2007). "But it poses no bar to the assessment of past holdings based on a different procedural posture when, as is the case in the progression from review of a motion to dismiss to a motion for summary judgment, that later review expands the court's inquiry based on development of actual facts underlying a plaintiff's claims." *See* **Graves v. Lioi**, 930 F.3d 307, 318 (4th Cir. 2019) (citing **Wiest v. Tyco Elecs. Corp.**, 812 F.3d 319, 329–30 (3d Cir. 2016) (rejecting the plaintiff's argument that because the court had previously held that her complaint sufficiently alleged a claim, the district court was precluded from granting summary judgment under the law-of-the-case doctrine and describing that argument as resting on

9

a "critical misapplication of the fundamental distinction between a motion to dismiss under Rule 12(b)(6) and a motion for summary judgment under Rule 56.")). "Indeed, consistent with this recognition, this Court's articulation of the law-of-the-case doctrine also acknowledges that different facts will lead to a different legal analysis to which the doctrine cannot apply." *Id.* (citing *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988) (stating that the law-of-the-case doctrine applies "unless" one of the several exceptions applies, including the subsequent development of "substantially different evidence")).

The law-of-the-case doctrine supports "finality and efficiency [in] the judicial process." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). This doctrine is based on the "sound policy that an issue is once litigated and decided, that should be the end of the matter." *United States v. U.S. Smelting Refining & Mining Co.*, 339 U.S. 186, 198 (1950). The doctrine requires courts to uphold earlier decisions in the same case unless: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Sejman v. Warner-Lambert Co.*, 845 F.2d 66, 69 (4th Cir. 1988) (internal quotation marks omitted).

Prior rulings in a case "should be subject to the general principles of finality and repose, *absent changed circumstances* or unforeseen issues not previously litigated." *Wyoming v. Oklahoma*, 502 U.S. 437, 446 (1992) (citing *Arizona v. California*, 460 U.S. 605, 619 (1983)).

Plaintiffs' allegations now include different facts and a change in the circumstances than what this Court relied on in its April 28, 2021 Order dismissing Count II. Defendant Kruger is now a defendant in this action whereas in this Court's previous assessment of tortious interference he was not. See [Doc. 107 at ¶ 37, 67]. Seeing as Defendants only seek dismissal of Count II under Rule 12(b)(6), at this stage in the litigation, this Court holds that plaintiffs' Amended Complaint alleges enough facts to state a claim to relief that is plausible on its face. The litigation privilege does not apply to Defendants King and Roberts if it is found that all three defendants were in concerted efforts against plaintiffs. Thus, this Court will **DENY** Defendants' Motion to Dismiss as it pertains to plaintiffs' <u>tortious interference with business relationships and expectancies</u> claim.

## III.   Count III - Abuse of Process

Under West Virginia law, "abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by the process." ***Preiser v. MacQueen***, 177 W.Va. 273, 352 S.E.2d 22, 28 (1985).

Defendants argue that plaintiffs' abuse of process claim must be dismissed because the claim is barred by the litigation privilege. See [Doc. 118 at 13–14]. Defendants assert that plaintiffs' abuse of process claim "is based solely on Defendants filing the *qui tam* action." See [Id. at 14]. Because the filing of a complaint is an action that falls within the course of a judicial proceeding, defendants argue the litigation privilege applies and plaintiffs' abuse of process claim fails as a matter of law.[2]

---

[2] This Court notes that Defendants' Motion with respect to plaintiffs' abuse of process claim, defendants start out by saying the claim "must be dismissed because that

11

According to Justice Davis' statements in her concurrence in **Barefield v. DPIC Companies, Inc.**, 215 W.Va. 544, 600 S.E.2d 256 (2006):

Under the litigation privilege, " '[a]ny communication, oral or written, uttered or published in the due course of a judicial proceeding is ... privileged and cannot constitute the basis of a civil action[.]' " **Jenevein v. Friedman**, 114 S.W.3d 743, 745 (Tex. App. 2003) quoting **Reagan v. Guardian Life Ins. Co.**, 140 Tex. 105, 166 S.W.2d 909, 912 (1942). See also **Collins v. Red Roof Inns, Inc.**, 211 W.Va. 458, 461–66, 566 S.E.2d 595, 598–603 (2002) (discussing litigation privilege). "This privilege extends to any statement made by the judge, jurors, counsel, parties or witnesses, and attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case." **James v. Brown**, 637 S.W.2d 914, 917–18 (Tex. 1982). The public

> policies associated with the litigation privilege include: (1) promoting the candid, objective and undistorted disclosure of evidence; (2) placing the burden of testing the evidence upon the litigants during trial; (3) avoiding the chilling effect resulting from the threat of subsequent litigation; (4) reinforcing the

---

claim is also barred by the litigation privilege." But then defendants, at the end, state plaintiffs' abuse of process claim "fails as a matter of law." Because it appears to this Court defendants are trying to argue dismissal under both Federal Rule of Civil Procedure 12(b)(6) and Rule 56, this Court will analyze plaintiffs' abuse of process claim under both standards.

finality of judgments; (5) limiting collateral attacks upon judgments; (6) promoting zealous advocacy; (7) discouraging abusive litigation practices; and (8) encouraging settlement.

*Matsuura v. E.I. du Pont de Nemours & Co.*, 102 Hawai'i 149, 73 P.3d 687, 693 (2003). "[T]he litigation privilege extends beyond claims of defamation to claims of abuse of process, intentional infliction of emotional distress, negligent misrepresentation, invasion of privacy, ... and ... interference with contract and prospective economic advantage." *Pacific Gas & Elec. Co. v. Bear Sterns & Co.*, 50 Cal.3d 1118, 1132, 270 Cal.Rptr. 1, 791 P.2d 587 (1990) (citation omitted). *But see Baglini v. Lauletta*, 338 N.J.Super. 282, 768 A.2d 825, 833–34 (2001) ("The one tort excepted from the reach of the litigation privilege is malicious prosecution, or malicious use of process.").

215 W.Va. 544, 560, 600 S.E.2d 256, 272 (2004) (Davis, J., concurring). *See BriovaRx, LLC v. Johnson*, 2014 WL 12744704, at *3 (S.D. W.Va. July 2, 2014) (Chambers, C.J.).

As it pertains to dismissing plaintiffs' abuse of process claim under Rule 12(b)(6), this Court is still of the opinion that "plaintiffs . . . have suitably alleged actions taken by the defendants after the issuance of process." *See* [Doc. 40 at 15]. Thus, this Court **DENIES** Defendants' Motion to Dismiss and/or for Summary Judgment as to plaintiffs' <u>abuse of process</u> claim.

As it pertains to dismissing plaintiffs' abuse of process claim under Rule 56, viewing all inferences in the light most favorable to the party opposing the motion, this Court believes granting summary judgment is premature. According to plaintiffs, for example, a

deposition of defendant Roberts has not taken place yet and there is still a pending Motion for Rule 26(b)(5)(B) Privilege Determination [Doc. 93] in front of Magistrate Judge Mazzone. Thus, this Court will **DENY** Defendants' Motion for Summary Judgment as it pertains to plaintiffs' <u>abuse of process</u> claim.

## IV.   Count IV - Fraudulent Legal Process in Violation of W.Va. Code § 61-5-27a

Defendants request dismissal of Count IV – Fraudulent Legal Process in Violation of W.Va. Code § 61-5-27a. *See* [Doc. 118 at 20–22]. That statute, West Virginia Code § 61-5-27a, provides as follows:

> (b) *Fraudulent[3] official proceedings*.- It is unlawful for a person to knowingly engage in a fraudulent official proceeding or legal process[4].
>
> (c) *Fraudulent filings*.- It is unlawful for a person to knowingly cause a public official or employee to file, record or deliver a fraudulent claim in indebtedness, common law lien or other lien, financial statement, complaint, summons, judgment, warrant or other legal process, including those issued as the result of a fraudulent official proceeding.
>
> (d) *Fraudulent service*.- It is unlawful for a person to knowingly serve a public official or employee with a fraudulent claim of indebtedness, common law lien or other lien, financial statement, complaint, summons, judgment,

---

[3] "'Fraudulent' means not legally issued or sanctioned under the laws of this State or of the United States, including forged, false, and materially misstated[.]." *See* W.Va. Code § 61-5-27(a)(1).

[4] "'Legal process' means an action . . . to pursue a claim against person or property." *See* W.Va. Code § 61-5-27(a)(2).

14

warrant or other legal process, including those issued as the result of a fraudulent official proceeding.

. . .

(h) *Civil cause of action*.- A person who violates this section is liable in a civil action to any person harmed by the violation for injury or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs and other expenses incurred as a result of prosecuting the civil action commenced under this subsection, which is not the exclusive remedy of a person who suffers injury or loss to person or property as a result of a violation of this section.

(i) *Civil sanctions*.- In addition to the criminal and civil penalties set forth in this section, a fraudulent official proceeding or legal process brought in a tribunal in violation of this section shall be dismissed by the tribunal and the person may be ordered to reimburse the aggravated person for reasonable attorney's fees, court costs and other expenses incurred in defending or dismissing such action.

W.Va. Code § 61-5-27a(b)–(d), (h)–(i).  In support of dismissal, defendants argue Count IV is "meritless and premised upon unsupported speculation and unreasonable conclusions."  *See* [Doc. 118 at 20].  Defendants assert that plaintiffs' Count IV of the Amended Complaint "standing alone as it does, is a threadbare recital of the elements of a cause of action, supported by nothing more than '"a legal conclusion couched as a factual allegation."'" *See* [Id. at 21].

15

At this juncture of the case, this Court cannot agree. Assuming all allegations as true, resolving all doubts and inferences in favor of the plaintiffs, and viewing the allegations in a light most favorable to plaintiffs, plaintiffs have sufficiently alleged a claim for Fraudulent Legal Process in Violation of W.Va. Code § 61-5-27a. Thus, Defendants' Motion to Dismiss plaintiffs <u>fraudulent legal process in violation of W.Va. Code § 61-5-27a</u> claim is hereby **DENIED**.

### V.   Count V - Civil Conspiracy

Defendants' Motion contains two conclusory arguments regarding plaintiffs' civil conspiracy claim. First, there is a three (3) sentence paragraph on page 2 and second, a two (2) sentence footnote, both stating, in conclusory fashion, that Count V fails to state a claim. These two (2) sections do not, however, raise or preserve this argument for review. See **Sanders v. Callender**, 2018 WL 337756, at *7, n.5 (D. Md. July 9, 2018) (Chasanow, J.) (collecting cases holding that a party who presents an argument solely in a footnote does not raise the argument for adjudication). In the footnote, defendants argue that the Amended Complaint for civil conspiracy "does not, in itself, state a claim. 'A conspiracy is not itself, a tort, and each tort, not the conspiracy, that is actionable.' **Dunn v. Rockwell**, 225 W.Va. 43, 57, 689 S.E.2d 255, 269 (2009) (citation omitted)." See [Id.].

The United States Court of Appeals for the Fourth Circuit has explained that ruling on an issue minimally addressed is "unfair to [opposing party] and would risk an improvident or ill-advised opinion on the legal issues raised." **Hunt v. Nuth**, 57 F.3d 1327, 1338 (4th Cr. 1995). This reasoning has led district courts to decline to consider arguments only raised in a footnote. See, e.g., **Connectus LLC v. Ampush Media, Inc.**,

2017 WL 2620541, at *8 (M.D. Fla. June 16, 2017) ("While [Defendant's] motion for summary judgment and reply each contained a single footnote regarding the evidence necessary to obtain exemplary damages or attorney's fees under CUTSA and why the limitation-of-liability clause should apply, respectively, those footnotes were buried under subsections devoted to different issues. Those footnotes did not sufficiently raise [the] arguments."); *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumba S.A. De C.V.*, 247 F.Supp.3d 76, 100 (D.D.C. 2017) (Contreras, J.) (finding that a footnote without a structured argument did not raise a defense); *Rowley v. City of New York*, 2005 WL 2429514, at *6 (S.D. N.Y. Sept. 30, 2005) ("As to an argument raised in a footnote, that [the] excessive force claim s be dismissed, this also may not be properly considered.").

If Defendants wanted to raise an argument that plaintiffs failed to state a claim for civil conspiracy, the three (3) sentence paragraph and two (2) sentence footnote were inadequate means to do so and any such argument will not be considered. Thus, Defendants' Motion to Dismiss plaintiffs civil conspiracy claim is hereby **DENIED**.

## CONCLUSION

For the reasons stated above, Defendants' Joint Motion to Dismiss and/or Alternatively for Summary Judgment as to Plaintiffs' Amended Complaint [**Doc. 115**] is **DENIED**.

It is so **ORDERED**.

The Clerk shall transmit copies of this Order to all counsel on record.

**DATED:** April __8__, 2022.

_____
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE