IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

MARIETTA AREA HEALTHCARE, INC.,
MARIETTA MEMORIAL HOSPITAL,
and MARIETTA HEALTHCARE
PHYSICIANS, INC.,

        Plaintiffs,

v.                                            CIVIL ACTION NO. 5:21-CV-25
                                                  Judge Bailey

MICHAEL A. KING,
MICHAEL D. ROBERTS, M.D.,
and TODD A. KRUGER,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

Pending before this Court is Defendant Todd A. Kruger's Motion to Dismiss [Doc. 140], filed April 22, 2022. On May 6, 2022, plaintiffs filed a response in opposition to the Motion. [Doc. 155]. On May 13, 2022, Kruger filed a reply. [Doc. 158]. The Motion is now fully briefed and ripe for decision. For the reasons that follow, this Court will deny the Motion.

## BACKGROUND

As this Court laid out in its April 28, 2021 Order:

> In November 2016, the defendants filed a qui tam complaint alleging that plaintiffs had violated federal law in recruiting and compensating physicians and had inappropriately submitted claims to federal healthcare programs based on those violations (the "Underlying Action"). The plaintiffs

1

contend that the complaint consisted largely of false and materially misstated allegations, which the defendants knew at the time. According to the plaintiffs, after filing their qui tam complaint, the defendants continued to push their false and malicious accusations against plaintiffs. During the ensuing federal investigation, the defendants perpetuated those accusations, repeating the known falsities and material misstatements. The defendants knew and intended that the qui tam complaint and subsequent process would harm the plaintiffs' business—a healthcare system on the Ohio border that is well known and respected in the Mid-Ohio Valley, including several counties in West Virginia. After numerous extensions, the Government declined to intervene in the action.

"*Qui tam* is short for '*qui tam pro domino rege quam pro se ipso in hac parte sequitur*,' which means 'who pursues this action on our Lord the King's behalf as well as his own.'" **Rockwell Int'l. Corp. v. United States**, 549 U.S. 457, 463 n.2 (2007). The False Claims Act's qui tam provision allows "a private plaintiff, known as a relator, [to] bring[ ] suit on behalf of the Government to recover a remedy for a harm done to the Government." **Woods v. Empire Health Choice, Inc.**, 574 F.3d 92, 97 (2d Cir. 2009); see 31 U.S.C. § 3730(b). As the "real party in interest" in a qui tam action, **United States ex rel. Eisenstein v. City of New York, New York**, 556 U.S. 928, 930 (2009), the Government may intervene and take over prosecution of the lawsuit, 31 U.S.C. § 3730(b)(2), (4). In such cases, however, the

relator is still entitled to a share of any recovery. 31 U.S.C. § 3730(d). **United States v. Quest Diagnostics Inc.**, 734 F.3d 154, 158 (2d Cir. 2013). [Doc. 40 at 2–3].

On February 3, 2022, plaintiffs filed a Motion for Leave to File Amended Complaint. [Doc. 97]. The primary purpose of the amendment was to add a new defendant, Todd Kruger. As set forth in that Motion, on December 10, 2021, defendant Roberts produced documents which plaintiffs contend show that Kruger was involved in the allegations in this case. On February 11, 2022, this Court granted leave to amend the complaint [Doc. 105], and the Amended Complaint was filed the same day. [Doc. 107]. The Amended Complaint alleges that Kruger is Vice-President and General Counsel to Camden Clark Health Services, Inc., and that although he was not a named relator in the underlying qui tam action, he played an integral role in planning and gathering information for that case. On April 22, 2022, Kruger filed the instant motion, arguing that the claims against him should be dismissed pursuant to rule 12(b)(6). Kruger asserts that the claims against him should be dismissed because his alleged litigation conduct is protected under the **Noerr-Pennington** doctrine. Further, he argues that plaintiffs have failed to plausibly allege facts supporting each of the claims against him in this case.

## LEGAL STANDARDS

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007); see also **Giarratano v. Johnson**, 521 F.3d 298, 302 (4th Cir. 2008) (applying the **Twombly** standard and emphasizing the necessity of *plausibility*). When reviewing a

motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff, and must view the allegations in a light most favorable to the plaintiff. *Edwards v. City of Goldsboro,* 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995). In *Twombly*, the Supreme Court, noted that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Twombly*, 550 U.S. at 555, 570 (upholding the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible.").

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F.App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Witthohn v. Fed. Ins. Co.*, 164 F.App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id.* at 396–97.

## DISCUSSION

**I.   Dismissal under the *Noerr-Pennington* doctrine is inappropriate at this time.**

Defendant Kruger argues that the ***Noerr-Pennington*** doctrine bars all claims against him in this case because the claims relate to his alleged litigation conduct. The ***Noerr-Pennington*** doctrine is an affirmative defense that grants First Amendment immunity to those who engage in petitioning activity, including the pursuit of litigation. *See* ***IGEN Int'l, Inc. v. Roche Diagnostics GmbH***, 335 F.3d 303, 310 (4th Cir. 2003).

The doctrine is subject to a "sham" exception. "***Noerr*** immunity does not apply to petitions or lawsuits that are a 'mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor.'" ***A Fisherman's Best, Inc. v. Recreational Fishing All.***, 310 F.3d 183, 191 (4th Cir. 2002) (citing ***Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.***, 365 U.S. 124, 144 (1961)).

Further, the ***Noerr-Pennington*** doctrine is an affirmative defense, and thus may not be considered on a 12(b)(6) motion unless all facts necessary to the defense appear on the face of the complaint. ***I-Mins. USA, Inc. v. Zielke***, No. 1:15-CV-00094-MOC, 2015 WL 5457840, at *4 (W.D.N.C. Sept. 16, 2015) (Cogburn, J.); *see also* ***Waugh Chapel S., LLC v. United Food & Com. Workers Union Loc. 27***, 728 F.3d 354, 360 (4th Cir. 2013) ("We, however, remain bound by our earlier precedent that the ***Noerr–Pennington*** doctrine is an affirmative defense."); ***Goodman v. Praxair, Inc.***, 494 F.3d 458, 464 (4th Cir. 2007) ("a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative

5

defense. . . . But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)."). Accordingly, the Court concludes that dismissal based on the **Noerr-Pennington** doctrine is inappropriate at this time.

II.     **The Amended Complaint plausibly states a claim for malicious prosecution.**

"With respect to malicious prosecution, to successfully state a claim for malicious prosecution at the pleading stage, a plaintiff must allege that '"(1) that the prosecution was malicious, (2) that it was without reasonable or probable cause, and (3) that it terminated favorably to plaintiff.'" Syl. Pt. 1, **Norfolk S. Ry. Co. v. Higginbotham**, 228 W.Va. 522, 721 S.E.2d 541 (2011) (citation omitted); see also id. at 527, 546 (holding that both delineations of a malicious prosecution claim announced by the West Virginia Supreme Court 'are the same')." [Doc. 40 at 11]. The **Norfolk** Court also set forth the elements of malicious prosecution in syllabus point 2: "'"In an action for malicious prosecution, plaintiff must show: (1) that the prosecution was set on foot and conducted to its termination, resulting in plaintiff's discharge; (2) *that it was caused or procured by defendant*; (3) that it was without probable cause; and (4) that it was malicious. If plaintiff fails to prove any of these, he can not recover." **Radochio v. Katzen**, 92 W.Va. 340, Pt. 1 Syl. [114 S.E. 746, (1922)].' Syl. pt. 3, **Truman v. Fidelity & Casualty Co. of New York**, 146 W.Va. 707, 123 S.E.2d 59 (1961)." Syl. Pt. 2, **Norfolk**, 228 W.Va. at 523 (2011) (emphasis added). These two recitations of the elements "are the same, and procurement is an inherent element in both." *Id.* at Syl. pt. 2.

Here, Kruger argues that plaintiffs have failed to allege that he procured the prosecution of the qui tam action. It is undisputed that Kruger was not a relator in the underlying action; instead, plaintiffs allege that Kruger was part of a common scheme to pursue the suit with the aim of harming plaintiffs and that he aided in strategizing and gathering information in furtherance of the complaint.

Our case law is admittedly limited regarding the explicit meaning and scope of procurement, particularly regarding the amount of control over a prosecution a defendant must have before it can be found to have procured that prosecution. Other jurisdictions, however, have explored the topic in more detail. For instance, in Texas, there is no procurement when "the decision whether to prosecute is left to the discretion of another person, a law enforcement officer or the grand jury.... An exception ... occurs when a person provides information which he knows is false to another to cause a criminal prosecution." ***Browning–Ferris Industries, Inc. v. Lieck***, 881 S.W.2d 288, 292 (Tex.1994) (emphasis in original). In Ohio, there is no procurement when "an informer merely provides a statement of his belief of criminal activity and leaves the decision to prosecute entirely to the uncontrolled discretion of the prosecutor." ***Robbins v. Fry***, 72 Ohio App.3d 360, 594 N.E.2d 700, 702 (1991). Moreover, the New Mexico Supreme Court has noted that

> citizens must have "wide latitude in reporting facts to authorities so as not to discourage the exposure of crime."

***Zamora***, 106 N.M. at 634, 747 P.2d at 929. "Efficient law

> enforcement requires that a private person who aids the police by giving honest, even if mistaken, information about crime, should be given effective protection from civil liability."

***Weststar Mortg. Corp. v. Jackson***, 133 N.M. 114, 61 P.3d 823, 831 (2002).

> We find that the meaning of procurement as determined by these other jurisdictions compliments the meaning and the spirit of our law.

***Norfolk***, 228 W. Va. at 529, 721 S.E.2d at 548. Defendant Kruger focuses the Court's attention on the fact that Kruger did not control the prosecution in the underlying case; the Court agrees that, as Kruger was not a relator in the underlying action, the decision whether to prosecute was left to others. However, as plaintiffs point out, there is an exception when an individual provides knowingly false information to cause a prosecution. [Doc. 155 at 9], citing ***Norfolk***, 228 W.Va. at 529, 721 S.E.2d at 548. "[A] defendant may be held liable for causing a prosecution to occur by reporting false information, despite having no control over the decision to prosecute." ***Hoback v. Cox***, 2021 WL 3669324, at *5 (S.D. W.Va. Aug. 18, 2021) (Chambers, J.).

The amended Complaint alleges that defendants initiated and continued a qui tam action against plaintiffs based on knowing falsities. It alleges that Kruger played an integral role in the common scheme to pursue the litigation and that he gathered information for the underlying complaint. Assuming all of the allegations to be true, plaintiffs have plausibly stated a claim for malicious prosecution.

III. **The Amended Complaint plausibly states a claim for tortious interference.**

"To establish prima facie proof of tortious interference, a plaintiff must show: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." ***Hatfield v. Health Mgmt. Assocs. of W. Virginia***, 223 W.Va. 259, 262, 672 S.E.2d 395, 398 (2008).

Defendant Kruger argues that plaintiffs have failed to allege tortious interference because, first, they have not identified a specific contractual relationship or business expectancy with which Kruger interfered, and second, that this claim is barred by the litigation privilege. First, plaintiffs have pled that defendants' actions caused one physician to resign from Memorial Health and several others to decline offers of employment. At this stage in the proceedings, the Court finds plaintiffs have alleged enough facts to survive the motion to dismiss. Second, as to defendant Kruger's argument that this claim is barred by the litigation privilege, this Court previously held that "[t]he litigation privilege does not apply to Defendants King and Roberts if it is found that all three defendants were in concerted efforts against plaintiffs." [Doc. 134 at 11]. The same applies to defendant Kruger, and the motion should be denied as to this claim.

IV. **The Amended Complaint plausibly states a claim for abuse of process.**

Under West Virginia law, "abuse of process consists of the willful or malicious misuse or misapplication of lawfully issued process to accomplish some purpose not intended or warranted by the process." ***Preiser v. MacQueen***, 177 W.Va. 273, 352 S.E.2d 22, 28 (1985).

This Court has twice before found that "plaintiffs . . . have suitably alleged actions taken by the defendants after the issuance of process" to survive a motion to dismiss. [Docs. 40 at 15; 132 at 13]. However, here, defendant Kruger argues that this claim should be dismissed against him because he did not cause any process to issue. [Doc. 141 at 16], citing **Williamson v. Harden**, 214 W.Va. 77, 80, 585 S.E.2d 369, 372–73 (2003). However, this Court agrees with plaintiffs that the cases relied upon by Kruger are distinguishable from this case. In **Williamson**, the defendant had testified against plaintiff in another suit and "did not cause any process to issue, did not file any suit or complaint, and did not request a court to take any action, whatsoever." **Williamson**, 214 W.Va. at 811 585 S.E.2d at 373. Similarly, in **Hamstead v. Walker**, 2019 WL 12313459 (N.D. W.Va. June 7, 2019) (Bailey, J.), defendant provided a statement to police and "did not commence any legal action, command any act of the plaintiff, or confer any obligation of appearance." Here, taking plaintiff's allegations as true, Kruger was part of a common scheme to bring the underlying qui tam action. Accordingly, the motion should be denied as to this claim.

**V.     The Amended Complaint plausibly states a claim for fraudulent legal process.**

West Virginia Code § 61-5-27a, provides as follows:

(b) *Fraudulent[1] official proceedings*.- It is unlawful for a person to knowingly engage in a fraudulent official proceeding or legal process[2].

---

[1] "'Fraudulent' means not legally issued or sanctioned under the laws of this State or of the United States, including forged, false, and materially misstated[.]." *See* W.Va. Code § 61-5-27(a)(1).

[2] "'Legal process' means an action . . . to pursue a claim against person or property." *See* W.Va. Code § 61-5-27(a)(2).

(c) *Fraudulent filings*.- It is unlawful for a person to knowingly cause a public official or employee to file, record or deliver a fraudulent claim in indebtedness, common law lien or other lien, financial statement, complaint, summons, judgment, warrant or other legal process, including those issued as the result of a fraudulent official proceeding.

(d) *Fraudulent service*.- It is unlawful for a person to knowingly serve a public official or employee with a fraudulent claim of indebtedness, common law lien or other lien, financial statement, complaint, summons, judgment, warrant or other legal process, including those issued as the result of a fraudulent official proceeding.

. . .

(h) *Civil cause of action*.- A person who violates this section is liable in a civil action to any person harmed by the violation for injury or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs and other expenses incurred as a result of prosecuting the civil action commenced under this subsection, which is not the exclusive remedy of a person who suffers injury or loss to person or property as a result of a violation of this section.

(i) *Civil sanctions*.- In addition to the criminal and civil penalties set forth in this section, a fraudulent official proceeding or legal process brought in a tribunal in violation of this section shall be dismissed by the tribunal and the person may be ordered to reimburse the aggravated person for reasonable

attorney's fees, court costs and other expenses incurred in defending or dismissing such action.

W.Va. Code § 61-5-27a(b)–(d), (h)–(i). Defendant Kruger argues that this claim should be dismissed against him because he did not use any process and because plaintiffs failed to plead fraud with particularity. For the same reasons as the abuse of process claim, the Court finds that the Amended Complaint alleges sufficient facts against Kruger to survive dismissal–taking the allegations as true, Kruger knowingly engaged in a scheme to bring a fraudulent claim. Accordingly, the motion should be denied as to this claim.

## VI. The Amended Complaint plausibly states a claim for civil conspiracy.

"[A] civil conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose, not in itself unlawful, by unlawful means. The cause of action is not created by the conspiracy but by the wrongful acts done by the defendants to the injury of the plaintiff." ***Dixon v. Am. Indus. Leasing Co.***, 162 W.Va. 832, 834, 253 S.E.2d 150, 152 (1979). "A civil conspiracy is not a *per se*, stand-alone cause of action; it is instead a legal doctrine under which liability for a tort may be imposed on people who did not actually commit a tort themselves but who shared a common plan for its commission with the actual perpetrator(s)." ***Dunn v. Rockwell***, 225 W.Va. 43, 57, 689 S.E.2d 255, 269 (2009). "[T]he court should grant a motion to dismiss a civil conspiracy charge when the plaintiffs claim that the defendants 'engaged in a civil conspiracy' and 'individually and collectively' committed wrongs, but fail to allege facts to support that allegation." ***Bennett v. Skyline Corp.***, 2014 WL 4996275, at *8 (N.D. W.Va.

Oct. 7, 2014) (Keeley, J.) (citing **Tucker v. Thomas**, 853 F.Supp.2d 576, 594 (N.D. W.Va. 2012) (Stamp, J.)).

Here, defendant Kruger argues that plaintiffs have failed to allege any specific facts supporting the civil conspiracy claim, and instead have only generally alleged that plaintiffs "teamed up." [Doc. 141 at 20]. Taking the allegations in the Amended Complaint as true, defendant Kruger knowingly assisted in bringing the underlying qui tam action in order to injure plaintiffs. The Court finds that the plaintiffs have alleged facts sufficient for this claim to survive a 12(b)(6) motion, and the motion should be denied as to this claim.

## CONCLUSION

Upon consideration of the above, Defendant Todd A. Kruger's Motion to Dismiss [**Doc. 140**] is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to all counsel of record herein.

**DATED**: June 17, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE